*545 MEMORANDUM **
Juan Francisco Hernandez-Caudillo appeals the sentence imposed following his guilty plea to unlawful reentry under 8 U.S.C. § 1326(a). He contends that his sentence must be reversed as procedurally unreasonable. We disagree and affirm.
Mr. Hernandez-Caudillo’s presentence report (“PSR”) recommended a 16 level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) because Mr. HernandezCaudillo was deported after conviction for a crime of violence. Before the district court, Mr. Hernandez-Caudillo objected to the PSR, arguing that the criminal conviction on which the PSR relied — a Nevada state court conviction for conspiracy to commit murder — did not qualify as a crime of violence within the meaning of § 2L1.2(b)(1)(A). The district court agreed and reduced the applicable advisory guidelines range accordingly from 77-96 months to 33-41 months. EOR at 25-26. Nonetheless, after considering the 18 U.S.C. § 3553(a) factors, the court varied upward and sentenced the defendant to 78 months’ imprisonment. The court explained that a within-Guidelines sentence would be “woefully inadequate in this particular case,” id. at 45, in part, because the conspiracy to which Mr. Hernandez-Caudillo pled guilty resulted in a murder, id. at 44.
On appeal, Mr. Hernandez-Caudillo raises a number of challenges to the district court’s sentence. First, he argues that, even though the district court ruled that the Nevada conspiracy conviction was not a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A), it still calculated the Guidelines range to be 77-96 months and that this was an incorrect calculation of the Guidelines. See United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc) (miscalculated Guidelines range qualifies as procedural error). But the record clearly demonstrates that the district court determined the Guidelines range to be 33-41 months. EOR at 26 (“Under these guideline applications, the sentencing range is from 33 to 41 months.”); id. at 45 (referring to “the range as found by the Court of 33 to 41 months”). To be sure, the district court ultimately imposed a sentence of 78 months, but it made plain that it was doing so only on the basis of a variance from the Guidelines, not on the basis of an unadorned Guidelines calculation.
Second, even if the district court properly calculated his Guidelines range and simply chose to vary from it, Mr. Hernandez-Caudillo claims that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires that any facts which increase a criminal defendant’s punishment must be submitted to a jury and found beyond a reasonable doubt. Apprendi, however only prohibits judicial fact-finding which increase a defendant’s sentence beyond the statutory maximum, id. at 490, 120 S.Ct. 2348. There is no suggestion that Mr. Hernandez-Caudillo’s sentence in this case exceeded the statutory maximum.
Third, Mr. Hernandez-Caudillo argues that Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), precluded the district court from taking account of the circumstances of his prior Nevada conviction. This is not so. Shepard concerns which documents a court may consider when determining whether a guilty plea to a state offense qualifies for a sentencing enhancement. It does not address the scope of the district court’s dis *546 cretion in considering information relevant to the factors set forth in 18 U.S.C. § 3553(a), including a defendant’s “history and characteristics.” Id.
Fourth, Mr. Hernandez-Caudillo argues that the district court violated principles of comity when it found “that Hernandez-Caudillo committed a more serious offense than that set out in the judgment of the state court.” In convicting Mr. Hernandez-Caudillo for conspiracy to commit murder, the state of Nevada did not express an opinion about whether its version of conspiracy to commit murder is or should be a “crime of violence” under federal law. Whether something is a “crime of violence” is a federal question; it is appropriate for a federal court to answer it. Therefore, the district court did not violate principles of comity in determining that the sentencing guidelines did not adequately address the seriousness of Mr. Hernandez-Caudillo’s underlying conviction for conspiracy to commit murder. Mr. Hernandez-Caudillo has cited to us no authority to suggest a different conclusion.
Finally, Mr. Hernandez-Caudillo claims that his sentence violates due process because the district court essentially relitigated his state court offense. We disagree. Rather, pursuant to its statutory duty to choose a reasonable sentence based on the 18 U.S.C. § 3553(a) factors, the district court simply took note of the circumstances giving rise to Mr. Hernandez-Caudillo’s prior conviction, as described by Mr. Hernandez-Caudillo in his own state court guilty plea memorandum, see EOR at 90-91, and at his change-of-plea hearing, see id. at 107-08. Of course, Mr. Hernandez-Caudillo was free, before the district court, to dispute the statements he made in connection with his plea, or to argue that the court should not impose a variance based upon them, but we cannot say there was anything fundamentally unfair about the district court taking note of Mr. Hernandez-Caudillo’s “history and characteristics,” 18 U.S.C. § 3553(a), as attested by his prior statements about his state court conviction. And, again, Mr. Hernandez-Caudillo cites to us no authority suggesting a contrary conclusion.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.